**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMBER MUNRO,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MICHAEL J. ASTRUE,** | : | **NO. 12-2375** |
| | : | |
| **Defendant.** | : | |

# O R D E R

**AND NOW**, this 23rd day of April, 2013, after careful review and independent consideration of Plaintiff's request for review, Defendant's response thereto, Plaintiff's reply and review of the Report and Recommendation of Carol Sandra Moore Wells, Chief United States Magistrate Judge, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The case is **REMANDED** to the Commissioner of the Social Security Administration so that the Administrative Law Judge ("ALJ") can conduct additional proceedings consistent with the Report and Recommendation. Specifically, upon remand, the ALJ shall: (a) properly consider Plaintiff's degree of limitation in performing activities of daily living and in social functioning; (b) re-assess Plaintiff's credibility, accurately taking into account Plaintiff's testimony; (c) explicitly consider whether the statement of Plaintiff's mother enhances Plaintiff's credibility; (d) re-assess Plaintiff's residual functional capacity ("RFC"), considering all of Plaintiff's impairments (if the ALJ concludes that Plaintiff has moderate limitation in social functioning, he shall explicitly include that in the RFC); and (e) pose a complete and

accurate hypothetical question to the vocational expert that reflects the new RFC.

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Mitchell S. Goldberg**

**Mitchell S. Goldberg, J.**